IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY DEMOND BLAKELY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-cv-2801-K-BN |
| | § | |
| JEANETTE L. KELLY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action under 42 U.S.C. § 1983 has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should stay this action and that it then should be administratively closed.

**Applicable Background**

This civil action under Section 1983, which includes claims of excessive force and false arrest, stems from an incident that occurred on October 3, 2014. The same incident also resulted in Plaintiff Quincy Demond Blakely's ("Blakely") being charged with intentionally preventing and obstructing a police officer from effecting the arrest, search, or transportation of Blakely. *See State v. Blakely*, No. M14-61834 (Cnty. Crim. Ct. No. 5, Dallas Cnty., Tex.). The state criminal action was pending at the time that

-1-

Plaintiffs filed this action and remains pending as of the entry of these findings, conclusions, and recommendation.

## Legal Standards and Analysis

Plaintiffs have paid the statutory filing fee, *see* Dkt. No. 8, and, as a result, the Court should find that the pending motion for leave to proceed *in forma pauperis* [Dkt. No. 5] is moot. Therefore, the Court may not screen this action under the *in forma pauperis* statute, but the Court still may "raise the issue whether the federal courts have equitable jurisdiction to hear this case under the abstention doctrine promulgated by *Younger v. Harris*, 401 U.S. 37 (1971)." *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003) (citations omitted); *see also Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999) ("[A]bstention may be raised by the court *sua sponte*." (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 954 n.16 (5th Cir. 1977))).

Under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger v. Harris,* 401 U.S. at 43-45. The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. Those principles inspired

the policy of preventing federal courts from issuing injunctions or declaratory judgments while state court proceedings were ongoing. *See Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977).

*Younger* abstention applies even if the ongoing state proceedings are, like here, a misdemeanor prosecution. *See Boyd v. Georgia*, 512 F. App'x 915, 917-18 (11th Cir. 2013) (per curiam); *Kirabira v. Texas*, No. 3:08-cv-1780-B, 2009 WL 80353 (N.D. Tex. Jan. 12, 2009); *see also Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1002 (9th Cir. 1995) (noting that, although the United States Supreme Court, in *New Orleans Public Service, Inc. v. New Orleans*, 491 U.S. 350 (1989) *(NOPSI)* "'expanded *Younger* beyond criminal proceedings, and even beyond proceedings in courts,'" the Supreme Court has "'never extended it to proceedings that are not "judicial in nature,"'" and therefore *Younger* abstention did not apply where a police officer merely had issued misdemeanor citations and made an arrest, "because the arrests and the issuance of the citations were executive, not judicial, acts" (quoting *NOPSI*, 491 U.S. at 369-70)).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982);

internal citations omitted).

All prerequisites for abstention under *Younger* are met here. There is an ongoing state judicial criminal proceeding that Plaintiffs allege is pending. *See* Dkt. No. 3 at 24 ("Cause number M1461834 has been pending in the County Criminal Court No. 5 since the filing date of 11-17-2014.... As of October 3, 2016[, the date Plaintiffs filed this action,] the [criminal] case is still pending."). "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)). And Blakely has full opportunity to raise his constitutional challenges in the Texas state courts on direct appeal in the event of conviction or through a state habeas writ challenging his detention or conviction. *See DeSpain,* 731 F.2d at 1176*; see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

While all three conditions of *Younger* are met in this matter, this Court may refuse to abstain if an exception applies. But no exception applies here. The Court should therefore abstain from jurisdiction over Plaintiffs' claims. *Cf. McCullough v. Crawford*, C.A. No. 2:09-2631-RBH, 2009 WL 4110316, at *4 (D.S.C. Nov. 25, 2009) ("Plaintiff should be able to vindicate his federal constitutional rights during his State

criminal proceeding by presenting his evidence and argument that he was not resisting arrest, did not assault a police officer, and that the defendants created false charges against him to cover up their wrongful excessive force. Therefore, *Younger* abstention is appropriate in this case." (citation omitted)).

Faced with the choice, under *Younger*, of staying or dismissing without prejudice, it appears the better course is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (mem.).

Further, to the extent that Plaintiffs seek damages, the United States Court of Appeals for the Fifth Circuit has "held that *Younger* is not applicable to claims for damages." *Boyd*, 575 F. App'x at 519 (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)). Nevertheless, "a court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see Mackey*, 47 F.3d at 746 ("At this point[– post-arrest but pre-conviction –]it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck[ v. Humphrey*, 512 U.S. 477 (1994)]. Accordingly, the district court erred in dismissing the claims on the basis

of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

## Recommendation

The Court should find the pending *in forma pauperis* motion [Dkt. No. 5] to be moot, and the Court should stay and then administratively close this case.

The Court also should instruct Plaintiffs (1) to file a motion to reopen the case within 60 days after entry of judgment in the applicable state criminal court case and (2) that the failure to do so will result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order pursuant to Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 12, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE