IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY DEMOND BLAKELY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-cv-2801-K-BN |
| | § | |
| JEANETTE L. KELLY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This civil rights action filed by *pro se* plaintiffs against the City of Dallas and individual defendants – referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade – was stayed and administratively closed, under *Younger v. Harris*, 401 U.S. 37 (1971), on November 3, 2016. *See* Dkt. No. 12; *see also* Dkt. No. 11.

In May of this year, Plaintiffs Quincy Demond Blakely and Kimberly Blakely moved to reopen this action, attaching to their motion an order dismissing the misdemeanor prosecution against Mr. Blakely that was the basis for the Court's decision to stay and administratively close this action. *See* Dkt. No. 13. The Court granted the motion and directed the Clerk of Court to reopen this action. *See* Dkt. No. 14.

The undersigned now enters these findings of fact, conclusions of law, and

recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

## Applicable Background

This civil action under 42 U.S.C. § 1983, which includes claims of excessive force and false arrest, stems from an incident that occurred on October 3, 2014. The same incident also resulted in Mr. Blakely being charged with intentionally preventing and obstructing a police officer from effecting his arrest, search, or transportation. *See State v. Blakely*, No. M14-61834 (Cty. Crim. Ct. No. 5, Dallas Cty., Tex.).

When the Court reopened this action on May 21, 2018, it informed

> Plaintiffs that, because they paid the $400.00 statutory filing fee to initiate this action, they are responsible for properly serving each defendant with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(e) & 4(j)(2) (setting forth procedures for serving defendants that are individuals within a judicial district of the United States or states, municipal corporations, or other state created governmental organizations). That is, Plaintiffs must serve each defendant in compliance with, as applicable, Rule 4(e) or Rule 4(j) and file proofs of service with the Court in accordance with Rule 4(*l*).
> The Court further advises Plaintiffs that, if proper service is not made before the 90th day after the entry of this order that is not a Saturday, Sunday, or legal holiday – which will be Monday, August 20, 2018 – this case is subject to dismissal without prejudice unless Plaintiffs show good cause for the failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 14 at 1-2 (emphasis omitted).

## Legal Standards and Analysis

<u>Rule 4(m)</u>

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after

providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Because Plaintiffs failed to properly effect service within 90 days of the Court's reopening their action, as ordered by the Court, and because the Court explicitly advised them that the failure to do so will subject their action to dismissal under Rule 4(m), *see* Dkt. No. 14, the Court should dismiss this action without prejudice under Rule 4(m).

Rule 41(b)

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). And the same rule authorizes a district court to "*sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam)

(citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

-4-

By failing to comply with the Court's orders regarding service of process, Plaintiffs have prevented this action from proceeding. They have therefore failed to prosecute this lawsuit and obey court orders. A Rule 41(b) dismissal of this action without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiffs decide to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE